IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

(1) UGO LAVOIE,
(2) PETER BENEDICT,
(3) FRANK ROUNDPOINT,
(4) ALLAN JACCO
    a/k/a AJ,
(5) RANDY JAREO,
(6) DANIEL CRYER,
(7) KENNY LEAF,
    a/k/a Geronimo,
(8) ROY THOMPSON,
(9) SETH LAZORE
    a/k/a Cookie,
(10) STEPHEN HOLMES,
(11) MICHAEL DURANT,
(12) MICHAEL DAYTON,

        Defendants.

Criminal Action No.
5. 04-CR-268(FJS)

**INDICTMENT**

Vio:  21 U.S.C. § 841(a)(1); (b)(1)(B)
       and 846 [1Count]
     21 U.S.C. § 952, 960 and 963 [1
     Count]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE GRAND JURY CHARGES:**

**COUNT ONE**

Beginning sometime in or about April 2002, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including March 1, 2003, in the Northern District of

New York and elsewhere,

UGO LAVOIE,<br>
PETER BENEDICT,<br>
FRANK ROUNDPOINT,<br>
ALLAN JACCO, a/k/a AJ,<br>
RANDY JAREO,<br>
KENNY LEAF, a/k/a Geronimo,<br>
DANIEL CRYER,<br>
ROY THOMPSON,<br>
SETH LAZORE, a/k/a Cookie,<br>
STEPHEN HOLMES,<br>
MICHAEL DURANT, and<br>
MICHAEL DAYTON

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with one another and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1); and aid and abet the distribution of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## MANNER AND MEANS

1. It was part of the conspiracy that some of the co-conspirators would obtain, usually on credit, large quantities of marijuana from other co-conspirators known and unknown to the Grand Jury from Canada and would transport and import the marijuana from there into the United States, and from there to Syracuse, New York, and surrounding areas.

2. It was further part of the conspiracy that some of the co-conspirators would personally transport large sums of money to be used to pay for the marijuana to various locations in the Northern District of New York and Canada.

3.  It was further part of the conspiracy that some of the co-conspirators would store quantities of marijuana at various locales in the Northern District of New York, including but not limited to the city of Syracuse and the surrounding area.

4.  It was further part of the conspiracy that some of the co-conspirators would transport the marijuana from the Syracuse area and sell the marijuana at various locations, including but not limited to the following: Syracuse and Albany, New York, Boston, Massachusetts, and Pittsburgh, Pennsylvania.

5.  It was further part of the conspiracy that some of the co-conspirators would aid and abet the conspiracy by collecting, storing and transferring to other co-conspirators United States currency generated from the sale of marijuana.

All in violation of Title 21, United States Code, Section 846.

The quantity of marijuana involved is one hundred (100) or more kilograms, thus the defendants are subject to the penalties prescribed by Title 21, United States Code, Section 841 (b)(1)(B).

## THE GRAND JURY FURTHER CHARGES:

### COUNT TWO

Beginning sometime in or about April 2002, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including March 1, 2003, in the Northern District of New York and elsewhere,

> UGO LAVOIE,
> PETER BENEDICT,
> FRANK ROUNDPOINT,
> ALLAN JACCO, a/k/a AJ
> RANDY JAREO,

3

KENNY LEAF, a/k/a Geronimo,
DANIEL CRYER,
ROY THOMPSON,
SETH LAZORE, a/k/a Cookie,
STEPHEN HOLMES,
MICHAEL DURANT, and
MICHAEL DAYTON

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with one another and with other persons known and unknown to import into the United States from a place outside thereof, namely Canada, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952 and 963, and aid and abet the importation of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

The quantity of marijuana involved is one hundred (100) or more kilograms, thus the defendants are subject to the penalties prescribed by Title 21, United States Code, Section 960 (b)(2)(G).

## THE GRAND JURY FURTHER ALLEGES:

## PRIOR DRUG FELONY CONVICTION

1. Counts 1 and 2 are incorporated by reference.

2. Defendant RANDY JAREO has two prior final convictions for felony drug offenses, to wit: (1) On or about June 11, 1996, in Onondaga County, New York, he was convicted of criminal possession of marijuana in the 3rd degree, in violation of New York Penal Law, and, on or about September 10, 1996, the defendant was sentenced to a term of five (5) years probation, and

4

(2) on or about February 2, 2001, in the Province of Ontario, Canada, he was convicted of conspiracy to cultivate marijuana, in violation of Canadian penal law, and on February 2, 2001 he was sentenced to two (2) years and six (6) months imprisonment, which convictions affect the penalty provisions of Title 21, United States Code, Section 841(b)(1) which applies to Count 1, and Title 21, United States Code, Section 960 (b)(1), which applies to Count 2.

3.  Defendant Allan Jacco, a/k/a AJ, has a prior final conviction for a felony drug offense, in that, on or about March 13, 1990, in the Province of Ontario, Canada, he was convicted of trafficking in a narcotic, to wit: Cocaine which he did sell to an undercover officer, Contrary to Section 4(1) if the Narcotic Control Act and thereby did commit an offense contrary to Section 4(3) of Said Act, in violation of Canadian Penal Law, and, on or about January 29, 1998, the defendant was sentenced to a term of ten (10) days incarceration, which conviction affects the penalty provisions of Title 21, United States Code, Section 841(b)(1), which applies to Count 1, and Title 21, United States Code, Section 960 (b)(1), which applies to Count 2.

4.  Defendant Daniel Cryer has a prior final drug conviction for a felony drug offense in that, on or about June 8, 2001, in Montreal, Canada, he was convicted of possession of a Schedule II narcotic (hashish) for the purpose of trafficking, in violation of Canadian Penal Law, and, on or about June 6, 2002, the defendant was sentenced to a fine of $7,000, which conviction affects the penalty provisions of Title 21, United States Code, Section 841(b)(1), which applies to Count 1, and Title 21, United States Code, Section 960 (b)(1), which applies to Count 2.

**THE GRAND JURY FURTHER CHARGES:**

**FORFEITURE ALLEGATIONS**

1. Counts 1 and 2 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. As a result of committing the controlled substance offenses alleged in Counts 1 and 2, all of which are re-alleged and incorporated by reference as if fully set forth herein, defendants

UGO LAVOIE,
PETER BENEDICT,
FRANK ROUNDPOINT,
ALLAN JACCO, a/k/a AJ,
RANDY JAREO,
KENNY LEAF, a/k/a Geronimo,
DANIEL CRYER,
ROY THOMPSON,
SETH LAZORE, a/k/a Cookie,
ABE LAZORE,
STEPHEN HOLMES,
MICHAEL DURANT, and
MICHAEL DAYTON

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds that said defendants obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts 1 and 2 of this Indictment.

3. The intent of the United States of America to forfeit such property includes, but is not limited to, the following property:

**Money Judgment for Cash Proceeds:**

4. A money judgment in the amount of $1,000,000 in United States Currency, in that such sum in aggregate was exchanged and received in exchange for the distribution of marijuana

(Schedule I controlled substance), or was intended to be so exchanged, between April 1, 2002 and March 1, 2003, or is traceable thereto, and subsequently was expended, spent, distributed or otherwise disposed of during this same period beginning in or around April 2002 and continuing to April 2003, by defendants. Said defendants jointly and severally are liable to the United States for these amounts.

5. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants-

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeiture judgment.

A TRUE BILL,

Dated: 5/19/04

**REDACTED**
Foreperson

GLENN T. SUDDABY
United States Attorney

By: *Carl G. Eurenius*
Carl G. Eurenius
Assistant U.S. Attorney
Bar Roll No. 511746

8